IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BONNIE RUTH ALLEN-STRAIGHT,      §
    ID # 02446019,      §
        Petitioner,      §
              §
v.      §      No. 3:24-CV-1902-K-BW
              §
DIRECTOR, TDCJ,      §
        Respondent.      §      Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS**

this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute or follow orders of the Court.

**I.  BACKGROUND**

On July 22, 2024, the Court received correspondence from Petitioner Bonnie

Ruth Allen-Straight, an inmate of the Texas Department of Criminal Justice

("TDCJ") at the time, that the Court construed as a petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  (*See* Dkt. No. 3.)  On August 6, 2024, the Court

entered a Notice of Deficiency and Order stating that Allen-Straight's allegations

were difficult to understand and it could not discern the nature of her claims.  (*See*

Dkt. No. 4 at 1-2.)  The Court therefore allowed her the opportunity to amend her

pleadings to state either a habeas action under § 2254 or a civil rights action under 42

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.  By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024.  (*See* Dkt. No. 6.)

U.S.C. § 1983.  (*See id.* at 2.)  The Order required that by August 28, 2024, Allen-Straight complete and return a signed form § 2254 petition or form civil rights complaint and either pay the full filing fee for the type of case she decided to pursue or file a proper application to proceed in forma pauperis ("IFP") with a completed and verified certificate of inmate trust account ("CTA").  (*See id.* at 2-3.)  With the Order, the Court provided the appropriate forms for filing a habeas action, a civil rights action, and an IFP application with a CTA.  (*See* Dkt. Nos. 4-1, 4-2, 4-3.)  The Order also warned Allen-Straight that failure to comply with the Court's orders could result in a recommendation that her case be dismissed under Federal Rule of Civil Procedure 41(b).  (*See* Dkt. No. 4 at 3.)

It is now over five weeks past the deadline, and Allen-Straight still has not filed her pleading on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case.  Additionally, it appears that she is no longer in TDCJ custody as the August 6 Order was returned as undeliverable with a handwritten remark stating "Discharged" before being resent to a different address, and she has not filed any notice of a change of address.  (Dkt. No. 5 at 1); *see also* Inmate Information Search, Texas Department of Criminal Justice, *available at* https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Oct. 4, 2024).

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a

Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Allen-Straight has failed to comply with the Court's order to file a proper pleading on the appropriate form and to either pay the filing fee or file an IFP application, despite a warning that failure to do so could result in dismissal of the case. Nor has she filed anything else in the case. By not complying with the Court's August 6 Order or otherwise showing she intends to proceed with this case, Allen-Straight prevents this action from proceeding and has failed to prosecute her lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute and obey court orders.

### III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on October 7, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).